**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: SOCIETY INSURANCE CO. ) | |
| COVID-19 BUSINESS ) | MDL No. 2964 |
| INTERRUPTION PROTECTION ) | |
| INSURANCE LITIGATION ) | Master Docket No. 20 C 5965 |
| ) | |
| ) | Judge Edmond E. Chang |
| ) | |
| ) | Magistrate Judge Jeffrey I. Cummings |
| This Document Relates to All Cases ) | |

**CASE MANAGEMENT ORDER NO. 1**

The Judicial Panel on Multi District Litigation, pursuant to its order of October 2, 2020, transferred to this Court the civil actions listed on Schedule A of this Case Management Order. This Order sets forth the initial case management plan.

1. **Applicability of Order**. The provisions of this Order (and of future orders identified as applicable to all cases in this MDL) shall govern the practice and procedure in the actions, listed on Schedule A, that were transferred to this Court by the MDL Panel pursuant to its order of October 2, 2020. This Order also applies to all related cases filed in both divisions of the Northern District of Illinois and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2. **Consolidation**. The civil actions assigned to MDL No. 2964 are consolidated for pretrial purposes. Any tag-along actions later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which the party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. **Master Docket**. The Clerk of Court will maintain a master docket case file under the case name, "*In Re: Society Insurance Company COVID-19 Business Interruption Protection Insurance Litigation*," and the master docket identification number 20-cv-05965 as well as the identification "MDL No. 2964." All pleadings and

filing should be filed in master docket Case No. 20-cv-05965. When a pleading or filing is intended to be applicable to all actions, this shall be noted in the caption by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number for the individual case or cases to which the document number relates shall appear in the caption immediately after the words: "This Document Relates to [individual case number(s)]."

4. **Filing Procedures.** Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. All documents filed in this Court must be filed electronically pursuant to this Court's General Order on Electronic Case Filing and the CM/ECF User Guide. All counsel of record are required to register in the Court's CM/ECF Filing System. Additional information can be found at: https://www.ilnd.uscourts.gov/CMECF.aspx.

5. **Appearance.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Furthermore, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation and need not file a motion to be admitted *pro hac vice*. Association with local counsel is not required.

6. **Local Rules and Procedures.** All counsel of record are expected to familiarize themselves with the Court's local rules and procedures including, the electronic case filing rules, the CM/ECF User Guide, and Judge Chang's Case Management Procedures (available online at Judge Chang's page on the District's website).

7. **Service List.** Counsel who currently are electronically registered to receive electronic notifications are asked, for now, to forward a copy of this Order and any additional orders to other attorneys who are involved in the transferred actions but who have not yet registered to receive electronic notifications.

8. **Initial Status Conference.** Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on **October 29, 2020**, at 9:30 a.m. (Central time). In light of the Covid-19 pandemic and the Northern District's pandemic-related General Orders, the status hearing shall be held via telephone conference. The call-in number for the public is (877) 336-1831, with access code 1736479. The courtroom deputy also will email a separate online link for counsel to participate; the online link will allow counsel to enter their names to be associated with their phone number. All persons granted remote access to proceedings are reminded of the general prohibition against photographing,

2

recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

9. **Initial Status Conference Agenda.**

(a) **Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth Edition*, and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

(b) **List of Related Cases.** Liaison Counsel (as described below) shall file a statement listing all known related cases (other than the matters that already appear on Schedule A) pending in state or federal court, if any, by **October 26, 2020**.

(c) **Appearance at Hearing.** Each party represented by counsel shall appear at the initial status conference through their attorney who will have primary responsibility for the party's interest in this litigation. Any parties not represented by counsel may appear in person or through an authorized and responsible agent. **Please note:** to minimize costs and facilitate a manageable conference, the Court encourages parties with similar interests to agree, if practicable, to have an attending attorney represent their interest at the conference. A party that designates an attorney to represent its interest at the conference will not be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

(d) **Meeting of Counsel.** Prior to the initial status conference, counsel for the parties must confer and seek agreement on the following, to the extent applicable:

(i) **Bellwether Conferral.** Time is of the essence. On review of the pleadings and briefs filed so far, the Court's preliminary assessment on the most expeditious way forward is to decide bellwether case-dispositive and issue-dispositive motions on an earlier track. The potential additional step, depending on the outcome and other circumstances, would be possible certification of an interlocutory appeal under 28

3

U.S.C. § 1292(b). (The interlocutory appeal would not necessarily require a complete stay of the cases in the district court.) So the parties shall confer on whether they agree with that assessment and (even if they do not agree) on which motions shall be the bellwethers. In the interest of time, extra (though not necessarily dispositive) weight shall be given to those motions in which the opening brief *and* the response brief will have already been filed on or before October 19, 2020 (even if the reply brief is due after that date). In identifying the bellwethers to be proposed by the Plaintiffs in the various cases, counsel for the Plaintiffs shall confer on the appointment of Interim Steering Committee Counsel, as explained further in Section 11.

(ii)   Any fact discovery that might be necessary, including any limit on the number of additional interrogatories, limits on the number of additional depositions and their duration, and time frame for such discovery. It might be that the bellwether motions will not require any additional discovery.

(iii)   Issues related to class certification and the filing of consolidated motions for class certification.

(iv)   Settlement efforts.

(v)   Any other topics under Federal Rules of Civil Procedure 16 and 26(f) not addressed above.

(f)   **Filing of Proposed Case Management Schedule.** After conferring as required, the parties should file jointly a proposed case management schedule no later than **October 26, 2020**. The proposed case management schedule should set forth a proposed schedule for this litigation and address, at a minimum, the Agenda items. To the extent there is agreement among the parties on one or more of these items, it should be so noted. To the extent that there is disagreement among the parties on any one or more items, the various positions with respect to each item of disagreement should be set forth in the joint filing.

10.   **Liaison Counsel.** Before the initial status conference, counsel for the Plaintiffs and counsel for Defendant, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of Liaison

Counsel for each group who will be charged with essentially administrative matters. (It appears, however, that Society Insurance is the sole defendant, so this appears to be unnecessary for the defense side.) For example, Liaison Counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison Counsel are also authorized to receive orders and notices from the MDL Panel pursuant to Rule 5.2(e) of the MDL Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of Liaison Counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. The Plaintiffs, as a group, and the Defendants, as a group (unless Society Insurance remains the sole defendant), each should file a designation of liaison counsel by **October 21, 2020**. Appointment of Liaison Counsel shall be subject to the approval of the Court. At the first conference, Liaison Counsel and the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

11. **Appointment of Interim Steering Committee Counsel and Appointment of Lead Counsel.**

    (a) **Interim Steering Committee Counsel for Plaintiffs.** Because time is of the essence, and because the first duty likely will be identification of the bellwether motions, it is the Court's intent to appoint no more than three counsel to serve as the Interim Steering Committee. The Interim Steering Committee's primary duty will be to identify the bellwether motions and, if necessary, to conduct and to coordinate the litigation to advance it to full briefing on the motions. Before the initial status conference, counsel for the Plaintiffs shall, to the extent they have not already done so, confer and seek consensus on the selection of three candidates to serve as the Interim Steering Committee Counsel. Once an agreement is reached, but no later than **October 21, 2020**, the Plaintiffs shall file a designation of Interim Steering Committee Counsel with the Court. If agreement cannot be reached, then applications for the position shall be filed by the same deadline, **October 21,**

**2020**. The same factors as selection of Lead Counsel for Plaintiffs shall apply. The Court recognizes that this is tight schedule, but presumably some at least informal conferrals have taken place during the litigation over the MDL-creation motion.

(b) **Lead Counsel for Plaintiffs.** Going forward, it is the Court's intent to appoint no more than three lawyers to serve as Lead Counsel for Plaintiffs. Lead Counsel shall conduct and coordinate the pretrial stage of this litigation with the defense. It might very well be that the Interim Steering Committee Counsel would best serve as Lead Counsel, but the Court leaves that to the conferral of the lawyers in the first instance. Counsel for the Plaintiffs shall, to the extent they have not already done so, confer and seek consensus on the selection of three candidates to serve as Lead Counsel. Once an agreement is reached, the Plaintiffs should file a designation of Lead Counsel with the Court. If the Plaintiffs are unable to arrive at an agreement, applications for the positions should be filed no later than **November 9, 2020**. The main criteria for appointment will be: (a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation. Applications should succinctly address each of the above criteria as well as any other relevant matters. The applications are limited to five pages. The Court will only consider attorneys who have filed a civil action in this litigation. Any objections to the appointment of a proposed applicant/nominee must be filed **by November 16, 2020**, and shall not exceed five pages.

(c) **Lead Counsel for Defendant.** Because there is only one principal Defendant, the Court will appoint one Lead Counsel on the defense side. Counsel for Defendant shall file a concise statement, by **October 26, 2020**, identifying the defense's Lead Counsel.

(d) **Role of Lead Counsel.** Lead counsel will have the responsibility to coordinate or to perform the following functions:

(i) **Discovery**

(A) Initiate, coordinate, and conduct all pretrial discovery on behalf of the Plaintiffs in all actions which are consolidated with this MDL.

(B) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all the Plaintiffs.

(C) Cause to be issued in the name of all the Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial litigation of the MDL. Similar requests, notices, and subpoenas may be caused to be issued by Lead Counsel upon written request by an individual attorney in order to assist the lawyer in the preparation of the pretrial stages of the particular claims of that lawyer's clients.

(D) Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all the Plaintiffs. No attorney for a Plaintiff may be excluded from attending the examination of witnesses and other proceedings.

(ii) **Hearings and Meetings**

(A) Call meetings of counsel for the Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

(B) Examine witnesses and introduce evidence at hearings on behalf of the Plaintiffs.

(C) Act as spokesperson for all the Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

7

(iii) **Miscellaneous**

(A)  Submit and argue any verbal or written motions presented to the Court on behalf of the Plaintiffs, as well as oppose when necessary any motions submitted by Defendant or other parties.

(B)  Negotiate and enter into stipulations with Defendant regarding this litigation. All stipulations entered into by Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after the lawyer knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(C)  Explore, develop, and pursue all settlement options pertaining to any claim or part of any case filed in this litigation.

(D)  Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys.

(E)  Prepare periodic status reports summarizing the Lead Counsels' work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other Plaintiffs' attorneys.

(F)  Perform any task necessary and proper for Lead Counsel to accomplish their responsibilities as defined by the Court's orders.

(G)  Perform such other functions as may be expressly authorized by further orders of this Court.

    (H) Reimbursement for costs and fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

  12. **Interim Measures.** Unless otherwise ordered by the Court:

   (a) **Extension and Stay.** To the extent that Society Insurance is required to file an answer or otherwise plead to the complaints filed in the transferred actions, Society Insurance is granted an extension until a date to be set by this Court. Furthermore, pending the initial status conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending *non*-dispositive motions are stricken without prejudice.

   (b) **Orders of Transferor Courts.** All orders of transferor courts imposing dates for pleadings or discovery are vacated, with this important exception: for any *dispositive* motion only, (1) any response brief that is due on or before **October 19, 2020**, must still be filed; and (2) any reply brief that is due on or before **October 21, 2020**, must still be filed.

  13. **Preservation of Evidence.** All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, or control of the parties to this action. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

  14. **Communications with the Court.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.

  15. **Communications among Plaintiffs' Counsel.** The Court recognizes that cooperation by and among the Plaintiffs' various counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between the Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and

cooperative efforts contemplated above shall in no way be used against any Plaintiff by the Defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

ENTERED:

*Edmond E. Chang*

Honorable Edmond E. Chang
United States District Judge

DATE: October 12, 2020

**IN RE: SOCIETY INSURANCE COMPANY
COVID-19 BUSINESS INTERRUPTION PROTECTION
INSURANCE LITIGATION** MDL No. 2964

**SCHEDULE A**

    <u>Northern District of Illinois</u>

BIG ONION TAVERN GROUP, LLC, ET AL. v. SOCIETY INSURANCE, INC.,
    C.A. No. 1:20‒02005
BILLY GOAT TAVERN I, INC., ET AL. v. SOCIETY INSURANCE,
    C.A. 1:20‒02068
BISCUIT CAFE INC., ET AL. v. SOCIETY INSURANCE, INC., C.A. No. 1:20 02514
DUNLAYS MANAGEMENT SERVICES, LLC, ET AL. v. SOCIETY INSURANCE,
    C.A. No. 1:20 02524
JDS 1455, INC. v. SOCIETY INSURANCE, C.A. No. 1:20 02546
351 KINGSBURY CORNER, LLC v. SOCIETY INSURANCE, C.A. No. 1:20 02589
ROSCOE SAME LLC, ET AL. v. SOCIETY INSURANCE, C.A. No. 1:20 02641
KEDZIE BOULEVARD CAFE INC. v. SOCIETY INSURANCE INC.,
    C.A. No. 1:20 02692
VALLEY LODGE CORP. v. SOCIETY INSURANCE, C.A. No. 1:20 02813
THE BARN INVESTMENT LLC, ET AL. v. SOCIETY INSURANCE,
    C.A. No. 1:20 03142
PURPLE PIG CHEESE BAR & PORK STORE, LLC v. SOCIETY INSURANCE,
    C.A. No. 1:20 03164
CIAO BABY ON MAIN LLC v. SOCIETY INSURANCE INC., C.A. No. 1:20 03251
CARDELLI ENTERPRISE, LLC v. SOCIETY INSURANCE, C.A. No. 1:20 03263
726 WEST GRAND LLC, ET AL. v. SOCIETY INSURANCE, C.A. No. 1:20 03432
DEERFIELD ITALIAN KITCHEN, INC. v. SOCIETY INSURANCE, INC.,
    C.A. No. 1:20 03896
THE WHISTLER LLC, ET AL. v. SOCIETY MUTUAL INSURANCE COMPANY,
    C.A. No. 1:20 03959
RIVERSIDE ENTERPRISES, LLC v. SOCIETY INSURANCE, C.A. No. 1:20 04178

    <u>District of Minnesota</u>

LUCY'S BURGERS, LLC v. SOCIETY INSURANCE, INC., C.A. No. 0:20 01029

    <u>Middle District of Tennessee</u>

PEG LEG PORKER RESTAURANT, LLC v. SOCIETY INSURANCE,
    C.A. No. 3:20 00337

-A2-

<u>Eastern District of Wisconsin</u>

RISING DOUGH, INC., ET AL. v. SOCIETY INSURANCE, C.A. No. 2:20−00623
AMBROSIA INDY LLC v. SOCIETY INSURANCE, C.A. No. 2:20 00771