UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: SOCIETY INSURANCE CO. ) <br> COVID-19 BUSINESS ) <br> INTERRUPTION PROTECTION ) <br> INSURANCE LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> This Document Relates to All Cases ) | MDL No. 2964 <br><br> Master Docket No. 20 C 5965 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge Jeffrey I. Cummings |

**CASE MANAGEMENT ORDER NO. 4**

This Order explains the two specific issues to address during the oral argument scheduled for January 14, 2021 at 9:30 a.m. on the bellwether motions.

First, the parties should be prepared to discuss whether the disputed term "direct" in the Society Policy's key textual definition of coverage—"direct physical loss"—implies a *proximate-cause* analysis, and (if it does) whether the novel coronavirus has proximately caused the Plaintiffs' alleged loss. The Plaintiffs in the *Rising Dough* case, No. 20-cv-05981, have made some form of that argument. *See* R. 26 (on the *Rising Dough* docket) at 9–11. It appears that proximate cause in determining what has caused a loss is applicable under Wisconsin insurance law. *See, e.g.*, *Manpower, Inc. v. Ins. Co. of the State of Pennsylvania*, No. 08-C-0085, 2009 WL 3738099, at *6 (E.D. Wis. Nov. 3, 2009); *SECURA Ins. v. Lyme St. Croix Forest Co., LLC*, 918 N.W.2d 885, 890-93 (Wis. 2018); *Phillips v. Parmelee*, 840 N.W.2d 713, 717-19 (Wis. 2013); *Fandrey ex rel. Connell v. American Family Mut. Ins. Co.*, 680 N.W.2d 345 (Wis. 2004). Minnesota and Tennessee cases appear to follow similar reasoning. *See, e.g.*,

*Friedberg v. Chubb & Son, Inc.*, 691 F.3d 948, 952-53 (8th Cir. 2012) (Minnesota); *State Bank of Bellingham v. BancInsure, Inc.*, 823 F.3d 456, 461 (8th Cir. 2016) (Minnesota); *Capitol Indemnity Corp. v. Braxton*, 24 Fed. Appx. 434, 440-41 (6th Cir. 2001) (Tennessee); *Planet Rock, Inc. v. Regis Ins. Co.*, 6 S.W.3d 484, 491-92 (C. App. Tenn. 1999); *For Senior Help, LLC v. Westchester Fire Ins. Co.*, 451 F. Supp. 3d 837 (M.D. Tenn. Mar. 31, 2020) (Tennessee); *see also Clark v. Sputniks, LLC*, 368 S.W.3d 431, 440-41 (Tenn. 2012). (Counsel need not discuss precisely this set of cases; the Court is providing them as an illustration.)

On Illinois law, the parties should be prepared to address the following cases in particular (as well as any others that counsel believe are on point). On the one hand, Illinois law has been said to disavow a proximate-cause standard in the insurance-coverage context. *See, e.g., Sports Arena Mgmt., Inc. v. Great Am. Ins. Group*, No. 06 C 788, 2007 WL 684003, at *3 (N.D. Ill. Mar. 1, 2007) (citing *Transamerica Ins. Co. v. South*, 125 F.3d 392, 398 (7th Cir. 1997)). On the other hand, some more recent Illinois cases (or cases interpreting Illinois law) appear to endorse the proximate-cause analysis, or at least view it as available if the policy language so specifies. *See, e.g., Parker v. Allstate Indemnity Co.*, 427 F. Supp. 3d 1006, 1011 (S.D. Ill. Dec. 16, 2019) (citing *Heuer v. N.W. Nat'l Ins. Co.*, 33 N.E. 411, 412 (Ill. 1893)); *Bozek v. Erie Ins. Group*, 46 N.E.3d 362, 367-69 (Ill. App. 2d 2015); *Moda Furniture, LLC v. Chicago Title Land Trust Co.*, 35 N.E.3d 1139, 1147, 1154-55 (Ill. App. 1st 2015).

To fully address the proximate-cause argument, the parties should be prepared to discuss whether the novel coronavirus itself qualifies as a "physical" cause under

the language of the policy. Whether the requirement of "physical" loss or cause is satisfied might include the presence of the virus on the insured premises; the virus's presence in the general area; or the *risk* of the virus's presence (whether on the premises or more generally).

Second, the parties should be prepared to address how the "repair, rebuild, or replace" language in the Policy's Period of Restoration clause squares with the Plaintiffs' interpretation of the Covered Cause of Loss text. That is, assuming for argument's sake only that the Plaintiffs are correct that the virus or the related government shut-down orders constitute a Covered Cause of Loss, when will the insured properties be "repaired, rebuilt, or replaced" such that the Period of Restoration has ended? In other words, what does it mean for the relevant properties to be "repaired, rebuilt, or replaced," if indeed the virus has caused a loss within the meaning of the policy coverage?

The Court appreciates counsel's attention to these issues.

ENTERED:

*Edmond E. Chang*
Honorable Edmond E. Chang
United States District Judge

DATE: January 11, 2021