UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: SOCIETY INSURANCE CO. COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2964<br><br>Master Docket No. 20-cv-5965<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Jeffrey I. Cummings |

## **PLAINTIFFS' SCHEDULING REPORT**

Pursuant to the Court's request in its February 22, 2021 Memorandum and Order (Dkt. No. 131), as well as Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs,[1] by Plaintiffs' Co-Lead Counsel (collectively, "Plaintiffs," unless otherwise identified), respectfully submit this report, both as a report of their Rule 26(f) meeting, as well as their Scheduling Report,[2] stating as follows:

1. **Initial Meeting.**

Pursuant to the Court's order and the requirements of Fed. R. Civ. P. 26(f), a Zoom conference was held on March 2, 2021, by and among Plaintiffs' Co-Lead Counsel and Defendant's counsel.

---

[1] Plaintiffs' Co-Lead Counsel attempted, throughout last week and all weekend, in good faith, to reach consensus with Society on a joint scheduling report. When it became clear that a joint scheduling report could not be submitted, due to Society's insistence on using it as an advocacy piece in support of its scheduling proposals, the parties reached impasse. Thus, acting in all Plaintiffs' best interests—which is what Your Honor appointed us to do—we are separately filing our scheduling report (and Proposed Case Management Order No. 5) with the Court.

[2] Still outstanding is Plaintiffs proposed Order Regarding: (a) Co-Lead Counsel's Authority and Obligations; and (b) Management of Timekeeping, Cost Reimbursement, and Related Common Benefit Issues, which Plaintiffs submitted on January 8, 2021. *See* Dkt. No. 114.

## 2. Nature of Claims and Defenses.

The Parties' claims and defenses are more fully set forth in the Bellwether Complaints [*Rising Dough* Am. Class Action Compl, Dkt. No. 14, Case No. 20 C 5981; *Big Onion* First Am. Compl, Dkt. No. 29, Case No. 20 C 2005; *Valley Lodge* Compl, Dkt. No. 1, Case No. 20 C 2813], the related briefing thereto [*Rising Dough*, Dkt. No. 26, Case No. 20 C 5981; *Big Onion*, Dkt. No. 123-125, Case No. 20 C 2005; *Valley Lodge*, Dkt. No. 32-34, Case No. 20 C 2813] (to be supplemented by Plaintiffs' filing of their Master Complaint(s), as discussed below), Defendant's motion papers relating to those actions (*Rising Dough*, Dkt. Nos. 20, 32, Case No. 20 C 05981; *Big Onion*, Dkt. No. 113, Case No. 20 C 2005; and Valley Lodge, Dkt. No. 17, Case No. 20 C 02813), and the Court's analysis and opinions relative to those claims and defenses are set forth in the Court's February 22, 2021 Memorandum Opinion and Order (Dkt. No. 131).

## 3. Possibility of Settlement/Mediation Track.

In Case Management Order No. 1, the Court stated that should Plaintiffs' actions proceed following the Court's ruling on the bellwether motions and issues, the parties should contemporaneously explore, develop, and pursue all settlement options pertaining to any claim or part of any case filed in this litigation. *See also* Dkt No. 68 (Nov. 2, 2020 Hrg. Tr., at 27) and Dkt. 69 (Nov. 20, 2020 Minute Order).

Plaintiffs respectfully request that the Court establish a mediation track in this litigation pursuant to the following schedule:

a. By March 12, 2021, the Parties shall exchange the names of proposed mediators;

b. By March 22, 2021, the Parties shall agree on the selection of a mediator and schedule their initial mediation session, which shall occur prior to April 9, 2021.

> The parties shall submit mediation reports and/or other materials to the mediator on the schedule and in the formats that he/she requests;

c. By the date set forth below for Pre-Discovery Disclosures, Defendant shall produce: (1) all reinsurance agreements and arrangements that will or may serve to reimburse, indemnify, or pay on behalf of Defendant any obligations to policyholders insured under policies containing the Businessowners Special Property Coverage Form as of March 16, 2020; (2) the number of policyholders insured under all policies containing the Businessowners Special Property Coverage Form as of March 16, 2020; and (3) the gross written premium charged with respect to the policies identified in (2) above.

d. The parties shall provide a Report of Mediation to the Court within seven days after the conclusion of the initial mediation session.

4. **Master MDL Complaint(s).** On or before March 26, 2021, Plaintiffs shall file their Master Consolidated Amended Complaint(s).[3] The purpose of the Master Consolidated Amended Complaint(s) is to conform the pleadings, among other things: (a) to reflect the Court's bellwether rulings; (b) to expand on certain factual allegations; (c) to assert additional claims, as appropriate; (d) with respect to class allegations, to plead nationwide classes, as well as statewide subclasses, for each state in which Society writes coverage; and (e) to generally facilitate the expeditious resolution of this litigation. All classes or claims added to the Master Consolidated

---

[3] Plaintiffs anticipate that Society may include in its report some argument concerning this subject and, perhaps, other subjects, as well. Plaintiffs will be prepared to address each of the contested issues—as well as any other questions the Court may have with respect to this proposed schedule—at the upcoming status hearing, and, should the Court want briefing on any issue, over and above any argument made at the upcoming hearing, Plaintiffs are prepared to expeditiously brief any such issues.

Amended Complaint(s) will be regarded as being directly filed in this Court. Society shall respond to the Master Complaint(s) on or before April 9, 2021, even if Defendant chooses to seek interlocutory appeal pursuant to 28 U.S.C. § 1292(b). If Society elects to move to dismiss the Master Complaint(s)—which can only be on grounds other than those raised in the bellwether motions—the following briefing schedule shall apply:

　　a. Society shall file its motion(s) to dismiss on or before April 9, 2021. Society's opening brief(s) shall not exceed 25 pages;

　　b. Plaintiffs shall file their response(s) in opposition on or before April 23, 2021. Plaintiffs' response brief(s) shall not exceed 25 pages; and

　　c. Society shall file its reply brief(s) on or before April 30, 2021. Society's reply brief(s) shall not exceed 12 pages.

**5.　Discovery Plan.**

Pursuant to Case Management Order No. 1, the Parties are to initiate, coordinate, conduct, and complete all discovery; and in a consolidated manner on behalf of and for the benefit of all Plaintiffs, the Parties shall follow the schedules for the completion of discovery on behalf of all Plaintiffs as set forth below. Due the Parties' inability to agree on a discovery plan, Plaintiffs propose the Discovery Plan set forth immediately below.

To prevent delay, and to facilitate the expeditious resolution of this litigation, discovery shall proceed even if Defendant chooses to seek interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

　　**a.　Pre-Discovery Disclosures.** The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) within fourteen days after this report is filed. The Parties will not file their Rule 26(a) disclosures with the Court, nor will they file notices of depositions,

interrogatories, requests for production, requests for admission, and/or responses thereto, except on Order of the Court, or as supporting exhibits to a motion or at trial.

        **b.**    **Structure of Discovery.**  There will be one discovery schedule to include class and merits discovery, which will proceed simultaneously.

        **c.**    **Subjects of Discovery.**  Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and the Parties will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the Parties and on any third parties. The Parties anticipate that they will exchange written discovery requests (*i.e.*, interrogatories, requests for production, and requests for admission), and that they will take depositions of the Parties and may issue third-party subpoenas for documents and/or depositions.

Plaintiffs intend to seek from Defendant discovery relating to, among other topics:

- Society's membership and/or participation in the Insurance Services Office, Inc. ("ISO"), including Society's use of ISO forms in its own policies;

- All documents and communications regarding Society's decision not to include a virus exclusion in their property insurance policies, including, without limitation, Society's decision not to include the "Exclusion for Loss Due To Virus Or Bacteria," ISO form CP 01 40 07 06;

- All documents and communications regarding the drafting, formulation, meaning, construction, or interpretation of the Society property policies' all-risk coverage provision, which provides that Society will "pay for direct physical loss or damage to Covered Property" "unless the loss is excluded or limited by" the Businessowner's Special Property Coverage Form;

- All documents and communications regarding the advertisement or marketing of the Society Businessowner's Special Property Coverage Form to brokers, insurance agents, or policyholders from 2016 to present.

- All regulatory filings pertaining to Society's Businessowner's Specialty Property Coverage form within the last five years.

- All communications between Society and regulators from January 1, 2020 to date concerning coverage for business income losses arising out of or related in any way to COVID-19;

- Society's financial statements for the last five years;

- All documents and communications relating to the Report on Examination of Society Insurance as of December 31, 2019, as filed with the Commissioner of Insurance of the State of Wisconsin on or about November 5, 2020.

- All documents and communications regarding the drafting, formulation, meaning, construction, or interpretation of the Business Income coverage provision of the Society property policies, which requires that the suspension of business be caused by "direct physical loss of or damage to covered property at the described premises";

- All documents and communications concerning training manuals or similar materials prepared by Society to assist with the investigation, evaluation, determination, adjustment, or denial of claims under the Businessowner's Special Property Coverage Form, including but not limited to claims for loss based upon, arising out of, or relating in any way to COVID-19;

- All documents and communications regarding Society's March 16, 2020 memorandum circulated to Society's insurance agency partners. *See* R. 29-1, 20 C 2005, Email from Society CEO Rick Parks re: COVID-19 & Insurance Coverage;

- All documents and communications regarding Society's March 27, 2020 memorandum circulated to its policyholders entitled "A Message From our CEO on Pandemic Crisis." *See* R. 29-3, 20 C 2005, Mem. from Society CEO Rick Parks;

- All documents and communications concerning any other "talking points" or materials prepared by Society to assist with customer service, claims adjusters, or other employees regarding claims for loss based upon, arising out of, or relating in any way to COVID-19;

- All internal memoranda concerning insurance coverage for claims for loss based upon, arising out of, or relating to COVID-19;

- All communications between Society and its policyholders, other insurers, insurance brokers, insurance agents, claims handling agents, third-party administrators, or reinsurers, regarding COVID-19, the Plaintiffs, their claims for insurance coverage, and/or Society's

- Businessowners Special Property Coverage Form;

- All claim files relating to Plaintiffs' claims for loss based upon COVID-19;

- All underwriting files relating to Plaintiffs' policies;

- All underwriting manuals covering the time period during which Society sold the policies to Plaintiffs and the other Class members, through the present day;

- All documents related to any claims-handling policies and procedures at Society covering the time period during which Society sold the policies to Plaintiffs and the other Class members, through the present day;

- Documents concerning damage to Plaintiffs' properties and nearby surrounding properties;

- Documents concerning government orders affecting Plaintiffs' and the other Class members' properties;

- Documents concerning damages or losses suffered by Plaintiffs as it relates to claims asserted in Plaintiffs' complaint(s);

- All property insurance policy forms used by Society that provide business interruption coverage to businesses, including all standard endorsements used with those policy forms, and all underwriting guidelines relative to the process to vary these standard forms and endorsements;

- All documents that show the impact on pricing in terms of varying the forms and endorsements in Society's property insurance policies;

- All reinsurance treaties or agreements that do or may provide coverage to Society for Plaintiffs' and the other Class members' insurance claims based upon, arising out of, or relating in any way to COVID-19;

- Documents pertaining to any reserve(s) that Society has set for Plaintiffs' and the other Class members' insurance claims, including all internal communications pertaining to such reserves;

- Documents relating to other lawsuits within the last ten years in which policyholders have alleged bad faith against Society or otherwise asserted claims for extra-contractual damages arising out of Society's claim handling practices;

- Documents shared with and communications with Society's Board of Directors relating to Plaintiffs' insurance claims and coverage for COVID-19 losses under Society's Businessowner's Specialty Property Coverage form, or any other Society coverage form;

- Documents shared with and communications with Society's Board of Directors relating to COVID-19;

- Documents relating to the factual bases for each of Society's affirmative defenses in this action;

- Documents constituting extrinsic evidence that Society contends supports any defense it has to coverage for Plaintiffs' losses;

- Documents relating to any attempt, effort, or act by Society to alter the proximate cause standard for determining the cause of loss under any of Society's property insurance policies or policy forms; and

- Documents relating to the scope of the term "direct physical loss."

Plaintiffs also will seek discovery from ISO concerning, among other topics, the development, marketing, and communications with regulators concerning the Exclusion for Loss Due to Virus or Bacteria, similar exclusions, and insurance policy forms containing terms used in the Society Businessowners Special Property Coverage Form.

**d.** Plaintiffs will further request that the Court authorize a procedure by which discovery produced by ISO is not confidential and will be placed in a virtual repository that Plaintiffs will make available to all counsel in all COVID-19 business interruption insurance cases.

**e.** **Electronically Stored Information.** The Parties have discussed the preservation and discovery of electronically stored information ("ESI") and Plaintiffs will file a proposed ESI protocol, anticipated to be by agreement with Defendant, by March 26, 2021. The Parties have instructed and will continue to ensure that any custodians of records preserve, and not destroy, any pertinent electronic data.

**f.     Privilege Issues/Protective Order**.  The Parties have discussed the need for a Protective Order to govern discovery in this matter and Plaintiffs will file a Protective Order, anticipated to be by agreement with Defendant, by March 26, 2021.

**g.     Deadlines for Completing Fact Discovery.**  Plaintiffs propose an initial fact discovery deadline of October 1, 2021, with all written fact discovery to be served no sooner than March 12, 2021 and no later than 45 days before the initial fact discovery deadline (the "Initial Fact Discovery Period").  Plaintiffs propose an additional discovery period to complete any outstanding discovery, beginning 21 days after the Court rules on class certification or 21 days after the United States Court of Appeals for the Seventh Circuit adjudicates a Party's Rule 23(f) petition (and subsequent appeal, if it grants the Rule 23(f) petition), whichever is later, with that discovery period closing 60 days after it begins (the "Supplemental Fact Discovery Period").

If an appeal is taken under Rule 23(f), the Plaintiffs propose that the remainder of the schedule shall proceed unabated.  Should a Rule 23(f) petition be granted, a Rule 23(f) appeal filed, and the Seventh Circuit has not ruled on the Rule 23(f) appeal within 60 days of the class bellwether trial date in this litigation, Plaintiffs propose that the Parties file an agreed motion with the Court to extend the class bellwether trial date, in 60 day increments, until such time as the Seventh Circuit has ruled and issued its mandate on any pending Rule 23(f) appeal.

**h.     Deadlines for Completing Expert Discovery.**  Plaintiffs propose that the Parties shall engage in expert discovery according to the following schedule:

   **(i)**     The Parties shall identify their testifying expert witnesses and provide any expert reports 30 days following the close of the initial fact Discovery Period.

**(ii)** If necessary, the Parties will identify rebuttal expert witnesses and provide their reports within 30 days after the date that merits expert witnesses are identified, and reports provided.

**(iii)** All expert witness depositions, if any, must be completed within 45 days after rebuttal experts are identified and their reports provided.

**(iv)** Following the Court's ruling on class certification and within fourteen days of the close of the Supplemental Fact Discovery Period, the Parties may serve supplemental expert reports limited to addressing issues elicited in the Supplemental Fact Discovery Period. Should a Party file a supplemental expert report, the other Party shall have fourteen days thereafter to submit a rebuttal report and all supplemental expert witness depositions must be completed within fourteen days after rebuttal experts are identified and their reports provided.

**i.** **Deadline for Class Certification Motions.** Plaintiffs will file their class certification motion no later than 30 days after the close of the initial expert discovery period. The date of Plaintiffs' class certification motion filing shall govern the timing of the class certification motion period and related expert deadlines. Plaintiffs' class certification motion will relate to all states where Society writes insurance coverage. Society shall file its opposition to class certification 30 days after Plaintiffs' motion is filed, and Plaintiffs' reply in support of class certification will be due fourteen days after Society files its opposition brief. The Parties shall notify the Court of their request for oral argument, or the Court shall, *sua sponte*, order oral argument.

**j.** **Deadline for Filing Dispositive Motions.** One or both Parties may file summary judgment motions after the close of discovery. Response briefs are due 21 days after a

summary judgment motion is filed and reply briefs are due fourteen days after a response is filed. The Parties will discuss page limitations with respect to these motions and will submit a proposed order to the Court. The Parties shall notify the Court of their request for oral argument, or the Court shall, *sua sponte*, order oral argument. A Party may only move for summary judgment on issues on which it has not previously sought summary judgment in this litigation.

By its summary judgment motion practice in this litigation to date, Plaintiffs contend that Society has waived "one-way intervention," thereby enabling Class Plaintiffs to move for summary judgment prior to class certification, should they elect to do so.

      **k.**    **Parties' *Lexecon* rights.** The consolidation of these cases, does not constitute a waiver of any party's rights under *Lexecon v. Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). This Case Management Order shall not be construed to affect the governing law or choice of law rules for any case consolidated in this matter.

      **l.**    **Expected Length of Trials and Suggested Trial Date.** The Parties will submit a trial plan 28 days in advance of the final pretrial conference. A trial for all claims is expected to last 10-18 trial days, depending on the scope of each of the trial(s). All dates pertaining to trial-related motion practice and related submissions shall be addressed by separate order (*see* Paragraph "n," below).

      **m.**    **Deadline for Joining Other Parties or Amending the Pleadings.** Pursuant to Rule 15, other than the Master Complaint(s) filing set forth above, a moving Party may amend the pleadings only with the opposing Party's written consent or with leave of Court, except that additional proposed class representatives may be added in conjunction with the class certification motion process and the Master Complaint(s) amended to conform to those additions, as needed.

**n.      Trial by Magistrate.**  Plaintiffs do not consent to have the trial conducted by the Magistrate Judge.

**o.      Other Issues.**  To the extent Society chooses to file a motion requesting an interlocutory appeal pursuant to 28 U.S.C. 1292(b), Plaintiffs propose that any such motion shall be filed by March 23, 2021. Plaintiffs' Response brief will be due on April 6, 2021 and Society's Reply brief will be due on April 13, 2021. Plaintiffs further request that the Court set a pretrial scheduling order, based on the trial date set by the Court, and which sets deadlines for jury instructions, expert designations and reports, delivery of trial exhibits, and motions *in limine*.

Dated:  March 8, 2021

Respectfully submitted

/s/ Adam J. Levitt
Adam J. Levitt
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com

/s/ Timothy W. Burns
Timothy W. Burns
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin  53703
Telephone:  608-286-2302
tburns@bbblawllp.com

/s/ Shannon M. McNulty
Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C.**
120 North LaSalle Street, #3100
Chicago, Illinois  60602
Telephone:  312-899-9090
smm@cliffordlaw.com

/s/ W. Mark Lanier
W. Mark Lanier

**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North, Suite 100
Houston, Texas 77064
Telephone: 713-659-5200
WML@lanierlawfirm.com

/s/ Shelby S. Guilbert, Jr.
Shelby S. Guilbert, Jr.
**MCGUIRE WOODS LLP**
1230 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30309
Telephone: 404-443-5500
SGuilbert@mcguirewoods.com

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically using the Court's CM/ECF service, which will send notification of such filing to all counsel of record on this 8th day of March, 2021.

>/s/ Adam J. Levitt
Adam J. Levitt
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com

***One of Plaintiffs' Co-Lead Counsel***