# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: SOCIETY INSURANCE CO. COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL No. 2964 |
| | Master Docket No. 20 C 5965 |
| | Judge Edmond E. Chang |
| This Document Relates to All Cases | Magistrate Judge Jeffrey I. Cummings |

## STATUS REPORT OF SOCIETY INSURANCE

Pursuant to the Court's March 10, 2021 Case Management Order No. 6 ("CMO No. 6") (Dkt. 139), Defendant Society Insurance Company ("Society"), by its undersigned counsel, respectfully submits this Status Report, and provides a status update on the items set forth in CMO No. 6, as follows:[1]

**1.  Section 1292(b) Motion**

Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b) is fully briefed as of April 16, 2021.

**2.  Confidentiality Order and ESI Protocol**

The parties submitted their competing Motions for Protective Order and proposed Confidentiality Orders on March 23, 2021 (Dkt. 149, 155). Society filed its Objection to Plaintiffs' Request for Additional Briefing on Confidentiality Order (Dkt. 156), and Plaintiffs filed their Response to Society's Objection (Dkt. 158). The parties await the Court's ruling on those matters.

---

[1] Society sent Plaintiffs a proposed joint status report at 1:30 pm Central on April 15, 2021. The parties attempted (but were unable) to reach agreement on a joint status report. This status report includes substantial sections where Society agreed to language proposed by Plaintiffs.

Additionally, the parties have not agreed upon an ESI protocol, but will continue to confer and work toward an agreement before the status hearing.

3. **Mediation**

In compliance with the Court's directive in CMO No. 6 establishing a contemporaneous mediation track in this litigation, the parties conferred and agreed to engage Judge Donald P. O'Connell (Ret.) of O'Connell Mediation Services as a mediator. The parties have an initial mediation session set for April 22, 2021 and have exchanged pre-mediation document requests. The parties have exchanged some documents, and continue to meet and confer on documents that each side contends should be exchanged before the mediation.

Plaintiffs' desire to drag this Court into disputes surrounding pre-mediation document requests is inappropriate, as this is a third-party mediation and any disputes should be resolved by the mediator. However, the information Plaintiffs requested is not in the exclusive possession of Society. Plaintiffs' counsel claim that they represent every Society policyholder. Plaintiffs' counsel is asking Society for information that is in their clients' possession, such as projected gross sales data and what type of businesses *their own clients* operate. Plaintiffs' counsel simply does not want to do the leg work required to establish the prerequisites for class certification and is trying to get Society to do it for them through the mediation process. The information requested is not necessary or even useful for mediation, and is certainly not needed prior to what Plaintiffs have represented they expect to be just the first of many sessions. Plaintiffs' counsel, similarly, have refused to produce a number of items Society has requested, including ignoring Society's multiple requests for information Plaintiffs represented to this Court it had in hand and would produce in connection with the mediation. Plaintiffs have even failed to produce information responsive to items they *agreed* to produce in the Parties' meet and confer, subsequently arguing

that responsive information is contained in their proposed Master Consolidated Amended Complaint. A ***proposed*** pleading (that has not been accepted by the Court) is obviously no substitute for documentary evidence. Regardless, this Court has placed the power to require the disclosure of information in connection with mediation *with the mediator*, and it is not appropriate or necessary for Plaintiffs to clutter what should be a simple joint status report with complaints that they are not getting every single thing they want in mediation before it has even begun.

4. **Proposed Master Consolidated Amended Complaint**

Plaintiffs filed their Motion for Leave to File a Master Consolidated Amended Complaint, and a revised briefing schedule was set as follows: Society will file its response to Plaintiffs' motion by April 21, 2021 and Plaintiffs will file their reply by May 5, 2021.

5. **Discovery Schedule**

The parties have exchanged initial disclosures, as well as interrogatories and requests for production of documents. The parties are preparing written response and objections to the discovery requests, and will meet and confer over any disputes regarding the sufficiency and scope of their respective document productions.

As directed by the Court (*see* Dkt. 140, 144), the parties met and conferred "on both the format and deadline" of Rule 26(a)(1) disclosures for non-bellwether plaintiffs and, on April 2, 2021, submitted their position papers "setting forth their agreement and areas of disagreement" (Dkt. 150, 150-1, 151). The parties await the Court's ruling.

Upon receiving Plaintiffs' suggested revisions to Society's proposed joint status report, Society learned that a similar dispute has apparently arisen among the parties with respect to the scope of initial disclosures and discovery more generally required from all bellwether plaintiffs.

On Wednesday, April 14, 2021, Society sent Plaintiffs Co-Lead Counsel a letter raising an issue with the initial disclosures that are not subject to the position papers referenced above. Specifically, in its Minute Order regarding initial disclosures for non-bellwether plaintiffs, the Court stated, "To clarify, the Court's intent was not to require formal Rule 26(a)(1) disclosures of the many non−bellwether plaintiffs by the 04/05/2021 deadline." (Dkt. 140). Thus, Society understood the parties were to exchange initial disclosures for all bellwether plaintiffs by April 5, 2021, with the only outstanding issue being the format and deadline of any initial disclosures from *non-bellwether* plaintiffs (which are the subject of the parties' position papers). Plaintiffs instead unilaterally decided *not* to provide initial disclosures for *48* bellwether plaintiffs, but instead, served initial disclosures for only those hand-picked policyholders that it proposes to include in its (unapproved) proposed Master Consolidated Amended Complaint. Consistent with the requirements of this Court and Rule 37, Society first raised this issue (and other deficiencies with the initial disclosures) directly with Plaintiffs and requested a meet and confer if Plaintiffs did not agree to serve additional initial disclosures.

Rather than respond to Society's letter, confirm whether or not the parties were indeed in dispute, or engage in a meet and confer, Plaintiffs sought to prematurely bring this dispute to the Court through the joint status report. Society's position is that the Court has already ordered all bellwether plaintiffs to serve initial disclosures. Plaintiffs apparently take the position that they are allowed to disregard the Court's orders and bellwether process, and instead unilaterally proceed with discovery relating solely regarding policyholders they selected for inclusion in their (unapproved) proposed Master Complaint. Society disagrees and, more fundamentally, notes that the parties have not yet met and conferred on the scope Plaintiffs' initial disclosures, much less Plaintiffs' required discovery responses.

Moreover, as Society will demonstrate in its opposition to the motion for leave, the unapproved proposed Master Complaint is substantively and procedurally improper and should not be allowed. There is no basis for Plaintiffs to shirk their existing obligations under the Federal Rules and this Court's orders, and refuse to provide discovery on named bellwether plaintiffs. This discovery is plainly necessary to the case and should proceed. This is an effort by Plaintiffs to commandeer the discovery process by linking anything they will produce to an unapproved document that reflects their hand-picked parties and claims. Society's position is that discovery should proceed as ordered by the Court.

Dated: April 16, 2021

Respectfully submitted,

*/s/ Thomas B. Underwood*
**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Telephone: 312-427-3900
tbu@pw-law.com

Laura A. Foggan (admitted *pro hac vice*)
April N. Ross (admitted *pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
lfoggan@crowell.com
aross@crowell.com

*Counsel for Defendant Society Insurance*