UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SOCIETY INSURANCE CO. COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2964 <br><br> Master Docket No. 20 C 5965 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge Jeffrey I. Cummings |
| This Document Relates to the Following Cases: | ) ) ) | |
| VALLEY LODGE CORP., Plaintiff, | ) ) ) | No. 20 C 02813 |
| v. | ) ) | |
| SOCIETY INSURANCE, a Mutual Company, Defendant. | ) ) ) ) ) ) | |
| RISING DOUGH, INC. (d/b/a MADISON SOURDOUGH), *et al.* individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) ) ) | No. 20 C 05981 |
| v. | ) ) | |
| SOCIETY INSURANCE, Defendant. | ) ) ) ) | |
| BIG ONION TAVERN GROUP, LLC, *et al.*, Plaintiffs, | ) ) ) ) | No. 20 C 02005 |
| v. | ) ) | |
| SOCIETY INSURANCE, INC., Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

This multi-district litigation addresses the refusal of Society Insurance to cover policyholder losses arising from the COVIDE-19 pandemic. Earlier in the case, Society's bellwether dismissal motions and summary judgment motions were denied to the extent that they targeted the Plaintiffs' claims for business-interruption coverage, as well as the claims of the Illinois-based plaintiffs under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. R. 131. Seeking to take an immediate appeal right now, Society has moved to certify the denial of the dismissal motions and the summary judgment motions for an interlocutory appeal under 28 U.S.C. § 1292(b). R. 142. For the reasons that follow, the Court denies the § 1292(b) motion in full.

**I. Background**

To put the interlocutory-appeal motion into context, it would help to summarize the procedural background and the prior opinion that denied (in part) Society's dismissal motions and summary judgment motions. This multi-district litigation addresses Society's across-the-board denials of business-interruption coverage for a variety of restaurants and other businesses in the hospitality industry whose operations deteriorated due to the COVID-19 pandemic. After appointing counsel to lead the litigation on the Plaintiffs' behalf, and after conferring with the parties on which motions to decide as bellwethers, the Court picked three cases: *Big Onion Tavern Group, LLC, et al. v. Society Insurance*, No. 1:20-cv-02005; *Valley Lodge Corp. v. Society Insurance*, No. 1:20-cv-02813; and *Rising Dough, Inc. et al. v. Society Insurance*, No. 1:20-cv-05981. *See* R. 69. Society filed a motion to dismiss for failure to state a claim

in the *Rising Dough* action, R. 20, No. 20 C 05981, and a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment in the *Big Onion* and *Valley Lodge* actions. R. 113, No. 20 C 2002; R. 17, No. 20 C 02813.

The Plaintiffs have brought a number of claims alleging coverage under a variety of Society's policy provisions, including coverages for the interruption of Business Income and, separately, for Civil Authority, Contamination, and Extra Expense. The Illinois-based Plaintiffs (in the *Big Onion* and *Valley Lodge* actions) also brought claims under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, for various "vexatious and unreasonable" insurance-claims practices. The substance of these allegations is discussed in much greater detail in the prior opinion. R. 131 at 3–10. Society communicated the denial of the Plaintiffs' claims for coverage in several ways: preemptively, by circulating a memorandum to its insurance-agency partners on March 16, 2020, implying that its policies would not cover any pandemic-related claims; by denying individual claims filed by certain Plaintiffs; and in a March 27, 2020 memorandum to all policyholders declaring that "pandemic events" are generally excluded from insurance coverage. *See id.* at 8–10.

This Court denied Society's motions to dismiss or, in the alternative, for summary judgment, in substantial part. R. 131. Although the Court agreed with Society that the claims under the Civil Authority, Contamination, and Extra Expense coverages, as well as the Sue and Labor provision of Society's standard policy, could not proceed, *see id.* at 24–29, the Court determined that the claims under the policy's

3

Business Interruption coverage and Illinois Insurance Code Section 155 could proceed, *id.* at 12–24, 29–31.

One important dispute over the Business Interruption coverage was whether the interpretation of key policy language could properly be decided as a question of law on summary judgment. Remember that summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

The key text setting forth the business-interruption coverage requires that the loss in business be caused by "direct physical loss" of covered property:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension *must be caused by direct physical loss of or damage to covered property* at the described premises. The loss or damage *must be caused by or result from a Covered Cause of Loss*.

Businessowners Special Property Coverage Form, A.3 (emphasis added).[1] In turn, the policy defines a "Covered Cause of Loss" as a "Direct Physical Loss unless the loss is excluded or limited under this coverage form." *Id*. The parties disputed whether the coronavirus itself, the pandemic more generally, or the government shutdown orders (or some combination of those three things) triggered coverage under this provision.

Putting the coverage text together with the definition of "Covered Cause of Loss," the Court held that a covered business interruption must be caused by direct physical loss of covered property—and then the loss itself must be caused by or result from a direct physical loss." R. 131 at 16. Society argued that the governmental orders—not the pandemic or the coronavirus itself—caused the suspensions of business, and that those orders do not qualify as a "direct physical loss" under the policy. But as discussed in the opinion, the governing law of the pertinent States does not impose such a strict causation requirement, and under the proximate-cause theories available under the relevant State law, a reasonable jury could find that the

---

[1]The contested policy language is identical to all plaintiffs, and the Court thus cites it according to the policy's own labeling of sections and subsections. Full copies of the policies can be found, *e.g.*, at R. 14, 20 C 5981, Exh. A; R. 1, 20 C 2813, Exh. B; R. 29, 20 C 2005, Exh. D.

coronavirus and the resulting pandemic proximately caused the interruptions to the Plaintiffs' businesses. *See* R. 131 at 15–21.

Society next argued that the Plaintiffs' losses did not constitute "direct physical loss of or damage to covered property" as required by the policy. The Court held, once again, that this was a question of fact—not of law—because a reasonable jury could find that the pandemic-caused shutdown orders and safety restrictions did impose physical limits on the Plaintiffs' use of their physical spaces, thus qualifying their losses as "physical" even if the coronavirus itself did not cause tangible changes to the property (although some Plaintiffs have also argued that this is so). R. 131 at 19–24.

Although the interpretation of contracts (including insurance policies) are often questions of law suitable for summary judgment, *Roman Catholic Diocese of Springfield in Ill. v. Maryland Cas. Co.*, 139 F.3d 561, 565 (7th Cir. 1998), the meaning of a contract must be decided by a finder of fact "when a contract contains ambiguities that the parties must explain through extrinsic evidence." *Zemco Mfg., Inc. v. Navistar Inter. Transp. Corp.*, 270 F.3d 1117, 1127 (7th Cir. 2001). This Court held that the key text in the Business Interruption coverage was indeed ambiguous and thus could not be resolved on a summary judgment motion—at least not yet, before discovery had even begun. *See* R. 131 at 15.

The Court also held that the claims under Section 155 of the Illinois Insurance Code could not be dismissed as a matter of law. R. 131 at 29–30. Section 155 provides for fee-shifting and potential penalties against insurers if they are "vexatious and

6

unreasonable" in denying a claim or in delaying the settlement of a claim. 215 ILCS 5/155(1). Among other allegedly vexatious acts, the Plaintiffs alleged that the March 16 and March 27, 2020 memoranda issued by Society denied coverage across-the-board and misrepresented the true scope of the insurance policies; that Society failed to investigate individual claims, as required, and instead issued hasty denials not based on individual claims; and that Society's actions have caused an improper and lengthy delay in receiving payment. *See* R. 131 at 29. Society argued that, as a matter of law, claims under Section 155 must be dismissed if there is a bona-fide dispute over coverage. Examining the relevant Illinois law, this Court disagreed, concluding that more factual development was necessary before a determination as to the viability of a Section 155 claim was possible. *Id.* at 29–30.

Society now seeks to take an interlocutory appeal under 28 U.S.C. § 1292(b). R. 142. On the Court's decision concerning the Business Interruption coverage claims, Society essentially restates the arguments it made on summary judgment, saying that the interpretation of its policy language is a matter of law suitable for a quick appellate decision. *Id.* at 5. On the Section 155 claims, Society again repeats the arguments it made on summary judgment, arguing that the "genuine[]" dispute over the meaning of the Business Interruption coverage provision precludes the Section 155 claim, and that this is likewise a question of law suitable for interlocutory review. *Id.* at 6.

Society has requested that the following questions be certified for interlocutory appeal:

7

    (1) Whether a loss of use, or a partial loss of use, of a policyholder's covered property constitutes a "direct physical loss of" covered property under the Society policy terms?

    (2) Whether, as a matter of law, Plaintiffs' claims can be maintained under 215 ILCS 5/155 when the court found that the term "direct physical loss" is genuinely in dispute and "[a] reasonable jury could find for either side based on the arguments and factual record presented so far in the litigation"?

R. 142 at 2. For the reasons that follow, the Court holds that neither question is suitable for certification. So Society's motion is denied.

## II. Analysis

### A. Standard of Review

The general rule is that the federal appellate courts only have jurisdiction over appeals from "final" decisions of district courts. 28 U.S.C. § 1291. But there is an exception: the Courts of Appeals may also, in their discretion, take jurisdiction of otherwise non-appealable, non-final orders of district courts if those orders are certified for interlocutory appeal by the district court. 28 U.S.C. § 1292(b). The initial decision to certify an interlocutory appeal is also within the discretion of the district judge. The statute sets forth the criteria for authorizing an interlocutory appeal, requiring that the challenged order:

> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ….

28 U.S.C. § 1292(b).

Section 1292(b) thus establishes "four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it

must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphases in original). All four statutory criteria must be met for certification: "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original).

The term "question of law" in Section 1292(b) is a term of art with a contextual meaning, and is not quite the same as how the term is understood in other aspects of litigation—including summary judgment. The Seventh Circuit instructs that Section 1292(b) "was not intended to make denials of summary judgment routinely appealable," even though "formally" questions of law are—by definition—presented at summary judgment. *Ahrenholz*, 219 F.3d at 676. Rather, "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Id.* If "question of law" had its ordinary summary-judgment-based meaning, then *every* denial of summary judgment would satisfy Section 1292(b)'s question-of-law requirement—and *Ahrenholz* refutes that proposition.

## B. Business Interruption

With those principles in mind, the Court turns to the first of Society's proposed certified questions. To recap, the proposed question is:

> Whether a loss of use, or a partial loss of use, of a policyholder's covered property constitutes a "direct physical loss of" covered property under the Society policy terms?

Society argues that this presents a "question of law," but that is so only if the term were to be understood in the way it is used in Federal Rule of Civil Procedure 56(a). Indeed, in arguing for certification, Society cites most of the same cases it cited in its summary judgment motion, R. 142, Society Mot. at 5, and makes the same basic argument—that "Illinois law … treats the interpretation of an insurance policy and the respective rights and obligations of the insurer and the insured as questions of law that the court may resolve summarily." *Roman Catholic Diocese of Springfield*, 139 F.3d at 565.

But equating § 1292(b) with the summary-judgment standard simply highlight that Society is asking for a do-over of the summary judgment denial on the Business Interruption coverage claims. As *Ahrenholz* makes clear, that is not the purpose of § 1292(b). That statute "refer[s] to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Ahrenholz*, 219 F.3d at 676–77. Indeed, questions of contract interpretation presented in a denial of summary judgment often are particularly *unsuited* for interlocutory review, because "to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a

genuine issue of material fact lurking there; and to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract." *Id.* at 677. The Court's decision to deny summary judgment on the Business Interruption claims hinged on just that: a fact-bound question of whether there was a genuine issue of material fact, and the Society policy at stake is nothing if not "long" and "detailed" and "obscure."

For those reasons, the proposed question simply does not present the sort of "question of law" contemplated by Section 1292(b). The intricacy of the policy's provisions and complexity and fact-rich complaints would require the Court of Appeals to review the record in depth to determine whether it presented any genuine issues of material fact. So it is unlikely that the Court of Appeals would be able to decide the issue so "quickly and cleanly," *Ahrenholz*, 219 F.3d at 677, as to "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b)—especially because this Court has ordered that the mediation and discovery tracks must proceed as quickly as practicable. *See* R. 139, Case Management Order No. 6. Because the proposed question as to Business Interruption coverage fails at least two of the criteria for certification under § 1292(b), certification is rejected.

## C. Section 155

Society's other request is to certify the decision on the viability of the claims under Illinois Insurance Code Section 155. Remember that, in the summary judgment briefing, Society had argued that the Section 155 claims must be dismissed if there is a bona-fide dispute over coverage—regardless of any other conduct that is alleged.

*See* R. 131 at 29–30. In the opinion, this Court observed that in the two Illinois cases cited by Society, *Uhlich Children's Adv. Network v. Nat'l Union Fire Ins. Co.*, 929 N.E.2d 531, 543 (Ill. App. Ct. 2010), and *Am. Family Mut. Ins. Co. v. Fisher Dev., Inc.*, 909 N.E.2d 274, 284 (Ill. App. Ct. 2009), the decisions on the Section 155 theories were made only after a definitive finding on the coverage question. The Court thus held that deciding the Section 155 issue was premature as a matter of law, given the need for more factual development on the underlying coverage dispute. R. 131 at 30–31.

> Society now proposes the following question for certification:
>
> Whether, as a matter of law, Plaintiffs' claims can be maintained under 215 ILCS 5/155 when the court found that the term "direct physical loss" is genuinely in dispute and "[a] reasonable jury could find for either side based on the arguments and factual record presented so far in the litigation"?

R. 142 at 4. Here too the Court holds that an immediate appeal on this question would not "materially advance the termination of the litigation" as is required by Section 1292(b).

Without certification of the liability question (the first proposed question), certifying the Section 155 decision makes little sense. As discussed in the prior opinion, the Plaintiffs premise their Section 155 claims of bad-faith denial of coverage on the same course of conduct that underlies the coverage claims. R. 131 at 29–31. The Section 155 claim does not substantially change the scope of discovery, nor does it substantially affect the factual and legal issues needed to litigate the underlying coverage claim. So the likelihood of the case ending as a result of any appellate decision on

12

the Section 155 claim is close to zero. If the Plaintiffs ultimately secure a final judgment in their favor, then Society will of course have the right to appeal that judgment and can contest any Section 155 damages at that time, without real prejudice to Society by that delay. Appealing now would be premature, distract the parties from advancing the case in the district court, and would not speed this Court's progress of the litigation toward that final judgment.

It is worth noting that the Seventh Circuit recently interpreted Section 155 consistently with the prior opinion. In *Creation Supply, Inc. v. Selective Insurance Company of the Southeast*, 996 F.3d 576, 578 (7th Cir. Apr. 26, 2021), the Seventh Circuit confirmed that Section 155 claims remain viable "in any case in which at least one of three issues remains undecided: (1) the insurer's liability under the policy, (2) the amount of the loss payable under the policy, or (3) whether there was an unreasonable delay in settling a claim." *Id.* at 578. *Creation Supply* relies on *Neiman v. Econ. Preferred Ins. Co.*, 829 N.E.2d 907, 914 (Ill. App. Ct. 2005), which reads the statutory text to arrive at the same conclusion: "The statute begins by stating that it applies to those insurance cases where one of three issues remains undecided: [1] the liability of the insurer, [2] the amount owed under the policy, or [3] whether a delay in settling a claim has been unreasonable." *Id.*; *see also* 215 ILCS 5/155(1) ("In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable

13

costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts …"). In *Creation Supply*, the Seventh Circuit ultimately held that the insured could not pursue Section 155 damages, but only because all three threshold issues had long been decided or waived. 995 F.3d at 582. In contrast, in this MDL, all three issues are very much alive.[2]

### III. Conclusion

Society's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b), R. 142, is denied in full.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: June 15, 2021

---

[2]Because the Court concludes that certification of the Section 155 question would not materially advance the termination of this litigation, the Court need not definitively address the other three requirements for certification under Section 1292(b).