UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: SOCIETY INSURANCE CO. COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION<br><br>This Document Relates to: All Cases | MDL No. 2964<br><br>Master Docket No. 20-cv-5965<br><br>Judge Edmund E. Chang<br><br>Magistrate Judge Jeffrey I. Cummings |

**REPLY BRIEF OF
AMERICAN PROPERTY CASUALTY INSURANCE ASSOCIATION AND
NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES
IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF
IN OPPOSITION TO CLASS CERTIFICATION**

American Property Casualty Insurance Association ("APCIA") and National Association of Mutual Insurance Companies ("NAMIC") (collectively, "Amici") respectfully submit this short response to certain Plaintiffs' ("Plaintiffs") opposition (ECF Doc. 251) to Amici's motion for leave to file an *amici curiae* brief in opposition to class certification (ECF Doc. 244).

Plaintiffs first suggest that the fact that the Seventh Circuit granted leave for Amici to file *amicus curiae* briefs in various COVID-19 insurance cases should be deemed irrelevant because those briefs did not concern class certification. (ECF Doc. 251, at 2.) Amici have not filed briefs on class certification in other cases because they are not aware of any similar motions for class certification being filed, likely because an overwhelming majority of these cases have been dismissed. The fact that the Seventh Circuit appeals cited by Amici are being argued in September suggests that it may be more efficient for this Court to await a controlling appellate decision on the coverage issues before proceeding with a decision on class certification.

1

Plaintiffs further note that Society's lead counsel was one of the lawyers for Amici in the Seventh Circuit appeals. (ECF Doc. 251, at 2-3.) That is irrelevant. Amici cannot properly be barred from participating in this case because they have retained the same counsel who represents Society in other cases. Consistent with the rule governing amicus briefs at the appellate level, Amici state that no party or its counsel authored the proposed amicus brief in whole or in part, or contributed money intended to fund preparing or submitting the brief. No other person contributed money intended to fund preparing or submitting the proposed amicus brief other than Amici. *See* Fed. R. App. P. 29(a)(4)(E).

To the extent Plaintiffs suggest that it is improper for a proposed *amicus curiae* to have a "partisan role," that is, to take a side and argue its position (ECF Doc. 251, at 3-5), that is not the law. As Judge Scudder recently noted, "[t]o be sure, the fiction that an amicus acts as a neutral information broker, and not an advocate, is long gone." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers). The Supreme Court has long allowed trade associations to take a side, in support of their member companies. *See*, *e.g.*, *Toyota Motor Mfg., Ky. Inc. v. Williams*, 532 U.S. 970 (2001) (allowing National Association of Manufacturers' amicus brief in case involving member company); *Rendell-Baker v. Kohn*, 457 U.S. 830, 832 n.2 (1982) (noting that party to action was member of group participating as amicus); *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("A perfectly permissible role for an amicus" is to supplement counsel's efforts and "take a legal position and present legal arguments in support of it"). Trade associations have much broader interests than any single member company. If Plaintiffs' position were correct, it would mean that the ABA or AARP, for example, could not serve as amici in cases in which their members are parties.

Plaintiffs incorrectly suggest that Amici's proposed brief is duplicative of Society's brief. (ECF Doc. 251, at 5-6.) Parts I and II of the proposed *amicus curiae* brief explain points about the economics of insurance, the industry as a whole, and regulation of the industry that go well beyond Society's arguments and cite additional case law, statutes and regulations that might otherwise be overlooked. Amici also address the McCarran-Ferguson Act and Rules Enabling Act. In addition, Part III of the proposed *amicus curiae* brief makes an independent, potentially dispositive point about *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) and its progeny.

Finally, to the extent Plaintiffs argue that their proposed calculations regarding the value of the putative class claims were based on net income rather than revenue (ECF Doc. 251, at 6), that is beside the point. Amici did not scour the record in this case and did not intend to take any position regarding the factual record. Amici's detailed explanation of the loss adjustment process for business income claims, economic factors and causation issues, along with Amici's citation of case law pertinent to those issues, remain fully applicable even if Plaintiffs' characterization of the record is correct.

Respectfully submitted,

*/s/ Matthew S. Ponzi*
Matthew S. Ponzi
FORAN GLENNON
222 N. LaSalle Street,
Suite 1400
Chicago, Illinois 60601
Tel.: 312.863.5070
Email: mponzi@fgppr.com

Dated: August 17, 2021

Of Counsel:
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Email: wackerman@rc.com

3

*Attorneys for Amici Curiae*
*American Property Casualty Insurance Association*
*and National Association of Mutual Insurance*
*Companies*

### CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Matthew S. Ponzi*